PEOPLE ex rel. KENNEDY v. BECKER, Sheriff. (No. 549/12.)

(Supreme Court, Appellate Division, Fourth Department. January 6, 1915.)

INDIANS (§ 10*)—PROPERTY RIGHTS—HUNTING AND FISHING.

> Where the Seneca Nation of Indians in 1897 granted to an individual, his heirs and assigns, their lands and all their right, title, and interest therein, reserving the privilege of hunting and fishing on such lands, not now within the bounds of their reservation, such privilege is subject to control and regulation by the state.

> [Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 25, 29, 46; Dec. Dig. § 10.*]

> Merrell, J., dissenting.

Appeal from Special Term, Erie County.

Habeas corpus, on relation of Walter S. Kennedy, against Frederick W. Becker, as Sheriff of Erie County. From an order discharging Fayette Kennedy and others from his custody, the sheriff appeals. Order reversed, writ dismissed, and prisoners remanded to custody.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Wesley C. Dudley, Dist. Atty., of Buffalo, for appellant Becker.

Valentine Taylor, Deputy Atty. Gen., for the People.

George P. Decker, of Rochester, for respondent.

PER CURIAM. Robert Morris acquired from the commonwealth of Massachusetts the right of pre-emption in certain lands in this state, of which the lands where the fishing was done are a part. He also acquired the Indian title, under sanction of proper federal authority, by an instrument in writing dated September 15, 1797 (Report of Special Committee appointed by Assembly of 1888 to investigate the Indian Problem, page 131; Assembly Document 51, 1889), by which the Seneca Nation of Indians granted to him, his heirs and assigns, forever, said land and all of their right, title, and interest therein, reserving to them the privilege of fishing and hunting thereon.

We are of the opinion that the Indians, having parted with their right of occupation and all of their interest in the lands, the privilege of hunting and fishing thereon is subject to control and regulation by the state. Even assuming that the Indians have the unrestricted right to hunt and fish upon their own reservation without interference by the state, these lands are not within the bounds of their reservation and are in no sense Indian lands. But the question as to whether the Indians have the unrestricted right to hunt and fish upon their own reservation is not involved in this controversy, and that question we do not decide.

The order should therefore be reversed, the writ of habeas corpus dismissed, and the three Indians upon whose behalf the writ was granted remanded to the custody of the sheriff of Erie county.

MERRELL, J., dissents.